### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

In Re:                                                    )          Case No.: 09-32585
CHRISTOPHER & JOLENE HURTTE,          )
                                                              )          Chapter 13
      Debtors.                                    )

### OPINION

The above-captioned matter comes before the Court on the Chapter 13 Trustee's First

Amended Objection to the debtors' Amended Plan #2.  The Trustee objects that the debtors'

Amended Plan #2 is filed in bad faith.

### FACTS

The debtors filed the instant Chapter 13 case on September 29, 2009.  According to the

debtors' original Schedule I, both the debtors were employed.  Based on their income and the

calculations performed pursuant to 11 U.S.C. §§ 1325(b)(3) and 707(b) and Official Form B22C,

the debtors were required to propose a five-year plan that would repay unsecured creditors

100% of their claims.  The debtors' disposable income was calculated to be $981.11.  While

Amended Plan #1 paid the unsecured creditors 100% of their claims, the plan did *not* propose to

pay all of the debtors' disposable income each month.  Rather, Amended Plan #1 proposed a

payment of $870.00 in months one through four and a payment of $725.00 in months five

through sixty.  No objections to the plan were filed and, with the Trustee's recommendation,

Amended Plan #1 was confirmed on February 25, 2010.

On August 5, 2011, the debtors filed an amended Schedule I showing a reduction in Ms.

Hurtte's income from $3471.10 to $0.  The debtors also filed Amended Plan #2 reducing the

dividend to unsecured creditors from 100% to 0%.  The Trustee objects that Amended Plan #2 is

filed in bad faith, arguing that had the debtors' plan payments been in an amount equal to the

1

amount of disposable income for months one through twenty-two, an additional $30,434.52[1]

would have been paid into the case for distribution to creditors.  Thus, the plan should be

amended to provide for a total pool to general unsecured creditors of at least this amount or to

provide for a 100% payment to all classes of unsecured creditors.  The Trustee further argues

that the case may never be amended to provide for a pool to allowed general unsecured creditors

less than this amount.

Oral arguments were heard by the Court on December 8, 2011.  The Court granted leave

to the parties to submit additional authority.  The debtors filed their Memorandum of Law on

January 17, 2012.  The Trustee did not submit any additional authority.

## ARGUMENTS

The debtors make two arguments.  They first argue that the Trustee's objection is barred

by the principles of *res judicata* and issue preclusion supported by 11 U.S.C. § 1327.  They next

argue that the Trustee's argument is contrary to the plain language of 11 U.S.C. § 1325.  The

Court will address the debtors' arguments in order.

Section 1327 of the United State Bankruptcy Code states in relevant part:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether
or not the claim of such creditor is provided for by the plan, and whether or not
such creditor has objected to, has accepted, or has rejected the plan.

---

[1]    The Trustee explains that this amount is "the amount of required turnover of the estates [sic] portion of the
2009 and 2010 tax refund(s) in the amount of $863.00 plus the amount of disposable income the Debtor had
available in months one (1) through months twenty-two (22) that was not paid into the Plan…"  At the same time,
however, the debtors argue that a 100% payout would require a payout of less than $16,000.00 as that is the amount
of allowed unsecured claims.
      The Court, for its part, is unable to determine how the Trustee arrived at his number.  The debtors' original
disposable income was $981.11.  As Amended Plan #1 proposed a monthly payment of $870.00 for months one
through four and $725.00 for months five through sixty, the difference between what the debtors were scheduled to
pay in during the first 22 months of their plan ($15,805.00) and what they would have paid in using their entire
disposable income ($21,584.42) is $5779.42.  The calculation of the exact amount in question, however, is not
relevant to the determination of the legal issue before the Court.

2

11 U.S.C. § 1327.  The debtors rely on two courts' interpretation of this statute to support their first argument.

The debtors first rely on *In re Harvey*, 213 F.3d 318 (7th Cir. 2000).  In *Harvey*, GMAC was a secured creditor of the debtor.  *Id*. at 319.  While GMAC's claim was $16,165.00, the value of the collateral was only $9500.00.  *Id*.  Confusingly, the debtor submitted two plans to the court for approval.  *Id*.  The first, referred to as the "long form plan," provided for a $9,500.00 secured claim and a $6,665.00 unsecured claim.  Upon the payment of the secured claim, the lien held by GMAC would be stripped.  The debtor also submitted a "short form plan" that, the court noted, summarized the terms of the longer plan.  *Id*. at 320.  The "short form plan," however, provided that the holders of allowed secured claims would retain the liens securing their claims.  *Id*.

The debtor's plan was confirmed without objection by GMAC.  *Id*.  Thirteen months later, the debtor filed Amended Plan #1 reducing her payment but making no change to the previously specified treatment of GMAC's lien.  Upon receiving Amended Plan #1, GMAC first objected to the lien-stripping terms of the plan.  *Id*.   While the Court found in GMAC's favor, it did so because it found that the two plans created an ambiguity as to which plan was confirmed.  *Id*.  It explicitly decided not to apply the usual rule precluding a collateral attack on a confirmed plan because it could not tell which plan was confirmed.  *Id*.  The district court affirmed, agreeing with the bankruptcy court's ambiguity analysis.  *Id*.

The 7th Circuit, reversing the lower courts, observed that even if the two plans created an ambiguity, GMAC failed to lodge a proper objection before the bankruptcy court acted.  *Id*. at 322.  The court said that the existence of the two plans did not relieve GMAC of the duty of pointing out the problem to the court.  *Id*.  The court explained, "[t]he general rule is that a party

in contract litigation must raise all claims – including those related to ambiguity – during the first

litigation concerning that contract." *Id*.  Furthermore,

> It is a well-established principle of bankruptcy law that a party with adequate
> notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan.  11
> U.S.C. § 1327(a).  The reason for this is simple and mirrors the general
> justification for *res judicata* principles – after the affected parties have an
> opportunity to present their arguments and claims, it is cumbersome and
> inefficient to allow those same parties to revisit or recharacterize the identical
> problems in a subsequent proceeding.

Id. at 321 (internal citations omitted).  GMAC's "opportunity came and went when it first had

notice of the alleged ambiguity about which plan was really confirmed and what its terms may

have been." *Id*. at 322.

The debtor further relies on *In re Curtis*, 2010 WL 1444851 (Bankr.S.D.Ill. 2010).   In

*Curtis*, the debtor filed Chapter 13.  *Id*. at *1.  A creditor, the debtor's ex-wife, filed an objection

to confirmation along with a Motion to Dismiss alleging that the petition was not filed in good

faith.  *Id*.  While the Motion was pending, the debtor filed an amended plan, mooting the

objection to the original plan.  *Id*.  Creditor failed to object to the amended plan and it was

confirmed.  *Id*.  The debtor responded to the Motion to Dismiss and at hearing, the creditor's

counsel requested a date for an evidentiary hearing on the issue of whether the debtor filed his

bankruptcy petition in good faith.  *Id*.  The matter was taken under advisement to determine

whether the issue of good faith can proceed after confirmation of the plan.  *Id*.

The court, ruling against the creditor, stated that "[i]t is well-settled that once a plan is

confirmed, its terms are binding on the debtor and the creditors under § 1327(a)….The binding

effect extends to any issue actually litigated by the parties and any issue necessarily determined

by the confirmation order." *Id*. at *2.  To confirm a plan, a court must find that, not only has the

plan been proposed in good faith, but that the petition itself was filed in good faith.  *Id*. citing 11

4

U.S.C. §§ 1325(a)(3) and (a)(7).  It was clear that "the issue of whether the debtor filed the bankruptcy petition in good faith is an issue that is necessarily determined at the time of confirmation." *Id*.  The creditor received notice that the debtor had filed an amended plan yet did not file an objection to confirmation.  Thus, under § 1327(a), the creditor was bound by the determination that the petition was filed in good faith.

The Trustee refers the Court to one case, *In re Riddle*, 410 B.R. 460 (Bankr.N.D.Tex. 2009), and candidly discloses that it provides little support.  In *Riddle*, the debtors' disposable income was calculated to be $2,315.81.  *Id*. at 461.  Their plan, however, provided for monthly payments of $819.00 for the first 15 months and $2,405.00 for the final 45 months.  *Id*.  The Trustee recommended confirmation and the plan was confirmed by the court.  *Id*.  At confirmation it was expected that the plan would provide for 100% payment of unsecured creditors.  *Id*.  The debtors filed a post-confirmation plan modification seeking to modify their payments to $965.00 for the final 45 months and returning 0% to unsecured creditors.  *Id*.  Amended Schedules I and J were filed to reflect a decrease in income.  *Id*.  The Trustee objected to the modified plan arguing that it would not meet the "good faith test under 11 U.S.C. § 1329(b)(1) and 11 U.S.C. § 1325(a)(3) based on the totality of the circumstances surrounding the Modified Plan, and/or the disposable income test under 11 U.S.C. § 1325(b)(1)(B) and § 1325(b)(4)."  *Id*.  The court stated that, despite being troubled by the loss to creditors, any decision that the difference between the plan payment and the debtors' disposable income must be paid into the plan should have been made before exhaustion of the funds, not retrospectively – *i.e.* pre-confirmation.  *Id*. at 463.

## ANALYSIS

As pointed out by the debtors, the United States Supreme Court recently addressed the binding effect of a confirmation order. In *United States Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1376 (2010), the Court stated that, "[o]rdinarily, 'the finality of [a] Bankruptcy Court's orders following the conclusion of direct review' would 'stan[d] in the way of challenging [their] enforceability.'" Quoting *Travelers Indemnity Co. v. Bailey*, 129 S.Ct. 2195, 2198 (2009). In *Espinosa*, the confirmed plan contained a provision in contravention of the Bankruptcy Code. Still, however, the Supreme Court found the provision binding as the appellant had "forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court." *Id.* at 1380. The Court noted that Rule 60(b)(4) provided an exception to the finality of a judgment order, but refused to apply the exception to the case before it. *Id.*[2] Regardless, the Trustee is not seeking to proceed under Rule 60(b)(4) in the instant matter.

Here, the debtors and the Trustee agree that the Trustee was given full notice of the plan and its terms. Despite having an opportunity to review Amended Plan #1, the Trustee chose not to object that the plan payment was less than the debtors' disposable income. Rather, the Trustee recommended that the plan be confirmed. Sixteen months later, when the debtors sought to modify their plan by filing Amended Plan #2, the Trustee objected based on the discrepancy between the debtors' original disposable income and the proposed payment in Amended Plan #1. As explained above, however, "the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation should preclude attack on the plan or any provision therein…in a subsequent proceeding." *Adair v. Sherman*, 230 F.3d 890 (7th Cir. 2000) citing *In*

---

[2] The Supreme Court stated that the bankruptcy court's legal error in confirming the debtor's Chapter 13 plan, absent a finding of undue hardship in an adversary proceeding, did not render its judgment void. *Espinosa*, 130 S.Ct. at 1379. Rather, the court's failure to find undue hardship in accordance with the section of the Bankruptcy Code governing the dischargeability of student loan debt was not on par with the jurisdictional and notice failings that defined void judgments that qualified for relief under Rule 60(b). *Id.*

6

*re Chappell*, 984 F.2d 775, 782 (7th Cir. 1993); see *United States Aid Funds, Inc. v. Espinosa*,

130 S. Ct. 1367, 1376 (2010).

Despite the fact that the cases cited by the debtors are concerned with objections raised

by creditors as opposed to the Trustee, this Court finds them instructive.  As the *Harvey* court

pointed out, any objection to the difference between the debtors' proposed plan payment and

their disposable income could have been raised prior to confirmation and, in fact, should have

been raised at such time.  Allowing the Trustee to, in effect, redo his original review of the

debtors' plan "is cumbersome and inefficient."  *In re Harvey*, 213 F.3d 321.

Finally, as the Trustee acknowledged at hearing, even in the case he cites, the Court held

that the Trustee's objection was time-barred.  Once the plan is confirmed, the confirmation order

acts to bar any "issue actually litigated by the parties and any issue necessarily determined by the

confirmation order."  *In re Curtis*, 2010 WL 1444854 (Bankr.S.D.Ill. 2010).

Because this Court finds that the Trustee's objection to Amended Plan #2 is barred by the

principles of *res judicata* and issue preclusion as supported by 11 U.S.C. § 1327, it is

unnecessary to examine the debtors' second argument that the Trustee's disposable income

objection is contrary to the plain language of 11 U.S.C. § 1325.

For the reasons stated, the Court OVERRULES objection #14(b) of the Trustee's First

Amended Objection to the debtors' Amended Plan #2.

See Order entered this date.

ENTERED: February 21, 2012

/s/ Laura K. Grandy

UNITED STATES BANKRUPTCY JUDGE/4